# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2013

No. 12-50606

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO TOSTADO, also known as Sergio Tostado-Becerra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-31-1

Before JONES, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sergio Tostado was charged by indictment with aiding and abetting the possession with the intent to distribute less than 50 kilograms of marijuana. That indictment accused Tostado of knowingly transporting marijuana through a border checkpoint in Alpine, Texas. Tostado proceeded to trial on the issue of intent, insisting that he had driven the load of drugs in his capacity as a confidential informant (CI) for the government and that he never intended to distribute the drugs. A jury convicted Tostado, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court sentenced him to 41 months of imprisonment and a three-year term of supervised release.

In his first issue on appeal, Tostado contends that the district court erred in admitting expert-opinion testimony from Wade Sparks, a special agent with the Drug Enforcement Administration (DEA), arguing that the testimony was impermissible profile evidence. A profile is "a compilation of characteristics that aid law enforcement officials in identifying persons who might be" involved in a particular type of enterprise. *United States v. Sanchez-Hernandez*, 507 F.3d 826, 831 (5th Cir. 2007) (internal quotation marks and citation omitted). In drug trafficking cases, "qualified narcotics agent[s] typically may testify about the significance of certain conduct or methods of operation unique to the drug business so long as the testimony is helpful and its relevance is not substantially outweighed by the possibility of unfair prejudice or confusion." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010). Testimony offered for the purpose of proving the defendant's guilt by comparing him to a generic profile, however, is *pure* profile evidence, which is inadmissible under Federal Rule of Evidence 702. *United States v. Montes-Salas*, 669 F.3d 240, 248 (5th Cir. 2012); *Sanchez-Hernandez*, 507 F.3d at 833.

The testimony Tostado challenges is the agent's reply to the prosecutor's questions regarding what would happen to him if, as a DEA agent, he should try to transport a load of drugs through a checkpoint without prior approval, as Tostado had done. Agent Sparks answered:

> If I did that on my own as Mr. Tostado did, I would be placed in secondary just as he was. My car would be searched as he was. I would hope I would be thrown in a cell as he was. And I would be sitting at the same table at trial as he is.

Tostado asserts that Sparks's testimony was impermissible profile evidence because it indicated that a "good" CI follows the instructions of his handler and that the jury should convict him regardless of his actual intent because he did not follow his handler's instructions. Tostado thus contends that the testimony

2

constituted an expert opinion on the ultimate issue of intent, in violation of Federal Rule of Evidence 704. *See* Fed. R. Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."). The untoward effect of the testimony was amplified, he contends, when the prosecutor reiterated it during closing argument.

We review the district court's decision to admit testimony for an abuse of discretion, and such a decision is subject to a harmless error analysis. *United States v. Setser*, 568 F.3d 482, 494 (5th Cir. 2009). We disagree with Tostado's characterization of Sparks's testimony as suggesting that the jury should convict regardless of Tostado's actual intent in bringing the drugs through the checkpoint. We note, additionally, that this testimony was given on the heels of Sparks's explanation of the planning, coordination, and multiple levels of prior approval that one required by the DEA for a government actor to bring a load of drugs through a border checkpoint. "[B]ecause the 'overall context' of the [challenged] testimony establishes that the statements were part of the agent's 'legitimate background testimony' about how" an undercover operation works, it did not cross the "fine but critical line" into the impermissible territory of pure profile evidence. *See Montes-Salas*, 669 F.3d at 250 (internal quotation marks and citation omitted). Further, to the extent that Sparks's testimony is considered profile evidence, it was permissible because it was "used to rebut the defendant's innocent explanation for his behavior." *See id.* at 248. We conclude that the district court did not abuse its discretion in admitting the challenged testimony. *See Setser*, 568 F.3d at 494.

In his second issue, Tostado challenges the district court's application at sentencing of a two-level adjustment, under U.S.S.G. § 3C1.1, for obstruction of justice. In particular, he challenges the ruling that he committed perjury.

The district court concluded that Tostado's trial testimony that he was bringing the drugs through the checkpoint in his capacity as a CI and that he had no intent of distributing the drugs was false. That factual finding is one that we review for clear error. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Tostado testified that, from the instructions he received when he was signed up as a CI, he understood that he could not possess contraband without the prior knowledge and consent of his controlling agent, and that he could not take any independent action on behalf of the government. In light of the record, the district court's finding of perjury is plausible and is not clearly erroneous. *See id.* Tostado thus has not shown that the district court erred in applying the § 3C1.1 adjustment. *See* § 3C1.1 & comment nn.2 & 4(B); *United States v. Dunnigan*, 507 U.S. 87, 94-96 (1993).

AFFIRMED.